IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * |  |
| v. | * | CRIM. NO. JKB-02-088 |
| THEODORE SCOTT, | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is Defendant Theodore Scott's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (ECF Nos. 38, 42.) For the reasons set forth below, the Court will deny Scott's motion.

### I.  *Background*

On January 10, 1999, Scott was arrested by Baltimore City police officers for cocaine distribution. (Mot. Reduce Sentence at 2, ECF No. 42.) Though Scott was initially released from state custody on bail and remained free after pleading guilty on April 20, 2000, he was taken back into custody on October 25, 2000. (*Id.*) On February 28, 2002, Scott was charged in this Court with one count of conspiracy to distribute five kilograms or more of cocaine, one kilogram or more of heroin, and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One). (Information, ECF No. 1.) On March 1, 2002, Scott pled guilty. (ECF No. 5.) In his plea stipulation, Scott admitted to the September 16, 2000 murders of Darrin Griffin and Randolph Holmes. (*See* Opp'n Mem. at 1–2, ECF No. 45.) On January 16, 2004, the Honorable J. Frederick Motz held Scott's sentencing hearing. (*See id.*) Judge Motz found Scott's past convictions placed him in criminal history category III and that his offense conduct supported an offense level of 41,

resulting in a guideline range of 360 months to life imprisonment. (Judgment, ECF No. 22.) Judge Motz sentenced Scott to 360 months. (*Id.*) Scott was transferred from state to federal custody on December 23, 2005, and his federal sentence commenced on that date. (Mot. Reduce Sentence at 6.)

On May 23, 2019, Scott filed a letter requesting a sentence reduction under the First Step Act (ECF No. 38), and he filed a motion seeking the same relief on August 10, 2020 (Mot. Reduce Sentence, ECF No. 42). The Government opposes the motion. (Opp'n Mem., ECF No. 45.) It is clear that under *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), Scott is eligible to move for relief under the First Step Act.[1] The question now is whether sentence reduction is appropriate.

## II. *Sentencing Factors*

In considering whether sentence reduction is appropriate, the Court has the authority and responsibility to apply all of the 18 U.S.C. § 3553(a) factors. First, considering the "history and characteristics" of the defendant, Scott has multiple prior convictions—two for narcotics trafficking and one for assault and resisting arrest—that resulted in a designation of criminal history category III at sentencing. (Opp'n Mem. at 11–12.) As for the "nature and circumstances" of the offense, Scott was part of a violent drug conspiracy that committed multiple murders, and Scott personally participated in this violent conduct. Most significantly, on September 16, 2000, Scott took part in the execution-style murders of Griffin and Holmes. (*Id.* at 1–2, 9–11.) Griffin was suspected of stealing drugs from the conspirators. (*Id.*) Holmes appears to have been socializing with Griffin on the wrong evening and to have been murdered for that mistake. (*Id.*) The nature and circumstances of this offense strongly weigh against granting a sentence reduction.

---

[1] Although the Government pronounces its position that *Gravatt* was wrongly decided and Scott should not be eligible, the Government acknowledges that *Gravatt* "is now circuit precedent" and "is controlling for this Court on [the eligibility] issue[.]" (Opp'n Mem. at 6.)

2

Considering the "seriousness of the offense," the Court finds the offense was unquestionably serious.

As for the need for "adequate deterrence," a substantial term of incarceration is warranted to dissuade Scott and others from this sort of serious misconduct. The Court also finds that the need to "protect the public" is a significant factor in this sentence because of Scott's criminal history and violent conduct.

Regarding the "need to avoid unwarranted sentencing disparities" among defendants with similar records and culpability, the Court has carefully considered the penalties imposed on others with similar records in similar and dissimilar cases. This includes the cases cited by Scott, some of which involve defendants who pled guilty to murder and received sentences shorter than the 360-month sentence that Scott is currently serving. (*See* Mot. Reduce Sentence at 11–12.) The Court notes that the unique circumstances of this case, including the particularly egregious nature of the murders of Griffin and Holmes, differentiate Scott from most murders.

As for Scott's post-sentencing conduct, Scott's record is mixed. During the time he has been in BOP custody, Scott has worked as the head cook at two facilities, earned his GED, taken vocational and self-improvement classes, and maintained close ties with family. (Mot. Sentence Reduction at 1–2, 6–7.) The effort Scott has put in towards his education and rehabilitation is to be commended. On the other hand, Scott has had four disciplinary infractions, including two in the past year. (ECF No. 42-10.) In one of those two incidents, Scott reportedly "hit another inmate with a lock." (*Id.*) "Training and treatment" are not significant factors in this sentencing decision.

Taking under advisement the Federal Sentencing Guidelines, the Court has concluded that a guidelines sentence for an offender with Scott's criminal history and offense conduct would typically be 360 months to life. However, Scott argues that under U.S.S.G. § 5G1.3(b)(1), this

3

range should be adjusted down by 62 months to account for Scott's time in state custody. (*See* Reply Mem. at 5–6, ECF No. 46.) The argument raises complicated questions regarding: (1) the part that review of BOP's determinations under 18 U.S.C. § 3585 should play in a court's analysis of a First Step Act motion; and (2) the application of U.S.S.G. § 5G1.3(b)(1) to defendants sentenced under § 2D1.1(d)(1) who committed the murder at issue while out on bail on the relevant state charge. For the purposes of this case only, the Court adopts Scott's position that the guidelines range is 298 months to life.

Application of all relevant considerations, including the § 3553(a) factors as referenced above, causes the Court to conclude that no sentence reduction is warranted. In particular, the details of the murders of Griffin and Holmes convince the Court that the 360-month sentence imposed by Judge Motz remains appropriate. The Court notes that it would reach this conclusion even if the guidelines were computed differently at this late stage.

### III. Conclusion

For the reasons set forth above, the Court DENIES Scott's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (ECF Nos. 38, 42.)

DATED this __1__ day of December, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge